Ruffin, Judge, dissentiente.
I have endeavored to overcome my own impressions in this case, and accede to the majority of the Court; but I have been unable. I will take for granted, that the evidence of temper ought not to have been received, and yet I think the judgment of the Superior Court right. If evidence, incompetent merely by reason of its irrelevancy, be received, I do not see that the verdict ought to be nullified. If improper evidence is seen by the Court to have had its effect, or is such that it could by possibility have prejudiced the party against whom it is given, a Court of Errors is bound to grant a new trial } because it cannot be known upon what the Jury proceeded. But here the evidence must have been altogether inoperative. If it had improperly proved a fact necessary to the Prisoner’s conviction, or went to sustain the credit of a witness for the State, or to impair the credit of a witness for the Prisoner, or the like, then the verdict ought not to stand.' But the record states a case, in which it is apparent that it could not in reason have had any such effect. It went to the Prisoner’s character and temper. If with a good character or good temper, he would have been better ofij then I would agree that he ought to have a new trial. *279 But here the Jury had nothing to do with the character or temper, or the actual disposition with winch the act was done. The law determined that from the circumstances, if the Jury found those circumstances to exist. It is a case of malice implied by the law. If the best disposed, and most pacific man on earth, without provocation, (and words are not provocation,) assaults another with an instrument likely to produce death, and death ensues, he is guilty of murder. The law infers the malice from the fact. It must he so — else there is no rule; and ail is left to the discretion of the Jury. The law infers it, because every iban óf well regulated ,mind is obliged to say, that in every such case, the slayer is a man of dark, malignant heart, of ungovernable passions, regardless of social duty, and bent on spilling human blood. In a case of express malice, or of provocation, the question is for the Jury. They are' to determine whether the accused acted on the provocation on the sudden, or had the particular ill-will. But where there lias been no provocation, or none shown, the only question for the jury is the credit of the witnesses — the perpetration of the fact. It is not put to them, whether the ac-' cused did the act by deliberation and with calm intent, or in a sudden gust of passion. For whether it be the one or the other, in such a case it is murder. For passion is no excuse, unless by reason of ordinary human frailty it was justly excited. Where there has been a killing without a legal provocation, and by means of an instrument fitted for that end, whether the passions were roused or not is immaterial. They ought not to have been. There was nothing which ought to have provoked a sudden transport of anger, and dethroned reason. If the anger did in fact exist, and was of a sudden, yet without reasonable cause, and under the impulse of it, the party killed another, his guilt is not mitigated. Such a rage though ever so sudden, if to he appeased only by taking life, is a brutal ferocity, and the very stale of his *280 passions aggravates his guilt. He is too dangerous to live. The safety of his fellow-men requires that he should be cut off from among them. Henee the Jury couj¿ n()t |ja,e been misled in the case before us. The Judge was bound <t:o tell them, that the Prisoner was guilty of murder, if they believed the witnesses. I am not questioning the ri|ht of the Jury to pass on the law of the case, that is, their power. But the Court has a right, and was bound to instruct them on it; and they might follow or not, as they pleased. They have done so here, and Í am not for, disturbing their verdict. For although they may decide. the law, if they choose, that is not to prevent the Court from expounding the law to them. And they were not misled as to the law in this case by the admission of the ovidenre. For in law, the guilt of the Prisoner stands precisely the same, were that evidence struck out of the case, or if his good temper had been proved by a thousand uncoutradicfed witnesses. Indeed, my brethren, I am happy to say, find no fault with the charge of the. Judge; so that the rules of the law respecting homicide are not intended to be altered. We differ only as to the consequence of the admission of the evidence. A Court is not bound to hear irrelevant testimony, but if by a slip it gets in, and cannot by possibility have, in reason or in law, an influence on the trial, I think it ought not to affect the judgment* And X must say, that it cannot have influenced the trial, where in law, the offence is the same, with or without the evidence. It cannot then have done harm.
Per Curiam. — Let the judgment of the Court below be reversed, and a new trial awarded.